UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WARDELL WATSON,

                Petitioner,

v.                                        9:24-CV-0123
                                                      (BKS)

E. LOWERRE, Superintendent,

                Respondent.

---

APPEARANCES:                                              OF COUNSEL:

WARDELL WATSON
Petitioner, pro se
97-A-2217
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Wardell Watson seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also successfully applied to proceed in forma pauperis ("IFP"). Dkt. No. 2, IFP Application; Dkt. No. 3, Text Order (granting application).

For the reasons which follow, petitioner is directed to file an affirmation with the Court explaining why this action should not be dismissed as time-barred.

**II.   THE PETITION**

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner challenges a 1997 judgment of conviction in Schenectady County, pursuant to a jury verdict, for multiple counts of rape, sodomy, sexual abuse, sexual assault, endangering the welfare of a child, and criminal contempt.  Pet. at 1; *see also People v. Watson*, 281 A.D.2d 691, 691 (3rd Dep't 2001).  The New York State Appellate Division, Third Department affirmed petitioner's judgment of conviction, and, on August 24, 2001, the New York Court of Appeals denied petitioner's application for leave to appeal.  Pet. at 2-3; *Watson*, 281 A.D.2d at 698, *lv. appeal denied by*, 96 N.Y.2d 925 (2001).  Petitioner did not file a petition for a writ of certiorari.  Pet. at 3.

Petitioner also collaterally challenged his criminal conviction by filing motions to vacate pursuant to New York Criminal Procedure Law § 440.10 ("440 motion").  Pet. at 3-5, 6.  The first was filed in 2014 in Schenectady County Court, and it argued that petitioner was entitled to relief for ineffective assistance of counsel because his appointed attorney "failed to notify him of a plea offer until after it was no longer valid."  *Id.* at 3.  The 440 motion was denied on December 11, 2014.  *Id.* at 4.

The second 440 motion was filed on May 15, 2022, and petitioner again argued that his counsel was constitutionally ineffective "in the pre-indictment stage [when he] . . . failed to i[n]form [petitioner] of a plea offer till after it was no longer valid."  Pet. at 4.  Specifically petitioner explained that

> [o]n March 12, 1996, a letter was sent to [petitioner's criminal defense] attorney with an offer of a plea . . . This plea was only valid up until the Grand Jury met . . . [seven] days later on March 19[,[ 1996. . . . [Petitioner] was sent a copy of the [offer] letter along with a cover letter on April 25, 1996.

Dkt. No. 1-1 at 5 (citing to Dkt. No. 1-1 at 13-14 (plea offer from the prosecution), Dkt. No. 1-1 at 31 (signature page from grand jury handing up petitioner's criminal indictment), and Dkt.

2

No. 1-1 at 18 (letter from petitioner's criminal defense attorney conveying the plea offer)). The 440 motion was denied without a hearing on August 29, 2022. Pet. at 4, 6; *accord* Dkt. No. 1-1 at 36-38 (Schenectady County Court decision denying the second 440 motion). Petitioner then sought leave to appeal, which the Third Department denied on January 12, 2023. Pet. at 6; *see also* Dkt. No. 1-1 at 1-11 (pro se brief in support of leave application to the Third Department); Dkt. No. 1-1 at 39 (Third Department decision).

Petitioner argues that he is entitled to federal habeas relief because his counsel was constitutionally ineffective at the pre-indictment stage when he failed to inform petitioner of a pending plea offer while it was valid. Pet. at 5. For a complete statement of petitioner's claims, reference is made to the petition.

The petition was signed and then placed into the facility mailing system on January 8, 2024. Pet. at 15.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D).

While petitioner did not advance an alternate accrual date, the only one that could potentially be applicable

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

Here, petitioner does not address the timeliness of his action. Pet. at 13-14. However, the undersigned will. Petitioner's conviction was affirmed by the Court of Appeals on March 8, 2001; accordingly, petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on June 6, 2001, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until June 6, 2002, to file a timely federal habeas petition. The present petition, placed in the prison mailing system on January 8, 2024, was filed over twenty-one years and seven months too late.[3]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. However, statutory tolling is inapplicable here because petitioner filed his 440 motions in 2014 and 2022, well after the limitations period had already expired. *See Duhs v. Capra*, 180 F. Supp. 3d 205, 222 (E.D.N.Y. 2016) ("[F]iling a section 440 motion does not revive the limitations period for a habeas petition.") (citing *inter alia Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)

---

is if the plea letter constituted newly discovered evidence. However, the letter was provided to petitioner in April of 1996, prior to the date of his conviction and sentence. Accordingly, it behooves petitioner to use the date that his conviction becomes final pursuant to section 2244 because that allows him the longest limitations period within which to timely file for federal habeas relief. Accordingly, none of the alternate accrual dates apply to the instant action.

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

4

(explaining statutory tolling "does not reset the date from which the one-year statute of limitations begins to run."); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not . . . restart the clock at zero[]; it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Additionally, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).  Further, courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition.  *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, nothing in the petition indicates that petitioner is attempting to invoke any sort of equitable tolling or equitable exception.  Thus it does not appear that equity, either in the form of tolling or an exception, would save the petition from being time-barred.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue.

*Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition.  The affirmation shall not exceed fifteen (15) pages in length.  If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed fifteen (15) pages in length.  Petitioner should state the date(s) upon which he filed any state court applications for relief, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied.  **If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.**  No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall

be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: February 13, 2024

Brenda K. Sannes
Chief U.S. District Judge